NATHAN R. REINMILLER, ESQ.
Nevada Bar No.: 006793
SABRINA G. MANSANAS, ESQ.
Nevada Bar No.: 010669
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| URSULA MURRAY, an individually,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN UNITED INSURANCE COMPANY dba AAA NEVADA INSURANCE COMPANY, a California Corporation; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-02306-JCM-PAL |

## STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure

1

NRR-20895

or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within fourteen (14) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

NRR-20895

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures

3

NRR-20395

in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. <u>Kamakana v. City and County of Honolulu</u>, 447 F.2d 1172 (9 Cir. 2006).

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have fourteen (14) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection. Failure to apply to the Court within the fourteen (14) days shall be a waiver of any claim that the material listed is confidential and the waiver shall result in the materials being deemed not confidential.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

NRR-20895

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

. . .

. . .

. . .

NRR-20895

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated this 3rd day of March, 2014.      Dated this 4 day of March, 2014.

CLAGGETT & SYKES LAW FIRM           ALVERSON, TAYLOR, MORTENSEN & SANDERS

/s/ Sean K. Claggett                /s/ Nathan R. Reinmiller

SEAN K. CLAGGETT, ESQ.              NATHAN R. REINMILLER, ESQ.
Nevada Bar No.: 008407              Nevada Bar No.: 006793
WILLIAM T. SYKES, ESQ.              SABRINA G. MANSANAS, ESQ.
Nevada Bar No.: 009916              Nevada Bar No.: 010669
8751 W. Charleston Boulevard, Suite 220   7401 W. Charleston Boulevard
Las Vegas, NV 89117                 Las Vegas, NV 89117
*Attorneys for Plaintiff*           *Attorneys for Defendant*

### ORDER

IT IS SO ORDERED.

Dated: March 13, 2014

_____
UNITED STATES DISTRICT AND/OR MAGISTRATE JUDGE

N:\nathan.grp\Z-client\20895\Pleadings\20895Stipulated Protective Order.docx

NRR-20895

# EXHIBIT A

## CERTIFICATION

1. I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order in the matter of Ursula Murray vs. Western United Insurance Company, et al., Case No.: 2:13-cv-02306-JCM-PAL.

2. I have been given a copy of the Order regarding Confidential Information and have read the same.

3. I agree to be bound by the Order regarding Confidential Information.

4. I will not reveal the Confidential Information – including copies, notes or other transcriptions made therefrom – and will secure the same in a manner so as to prevent unauthorized access to it.

5. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information or, upon the disclosing party's request, destroy the Confidential Information and provide Certification that I have done so to all of the parties in this matter.

6. I hereby consent to the jurisdiction of the Nevada State Court for the purpose of enforcing the Protective Order.

Dated: ______________________

Signed: ______________________

Name: ______________________