1
2
3
4                       UNITED STATES DISTRICT COURT
5                            DISTRICT OF NEVADA
6                                  * * *
7    URSULA MURRAY,                          Case No. 2:13-CV-2306 JCM (PAL)
8                            Plaintiff(s),                ORDER
9          v.
10   WESTERN UNITED INSURANCE
     COMPANY,
11
12                          Defendant(s).

13          Presently before the court are plaintiff Ursula Murray's (hereinafter "plaintiff") motion to

14   amend complaint, (doc. # 18), and motion to remand, (doc. # 20).  Defendant Western United

15   Insurance Company (hereinafter "defendant") filed a consolidated response, (doc. # 22), and

16   plaintiff filed a reply, (doc. # 24).

17   I.     Background

18          The instant case arises from an insurance dispute.  Plaintiff contracted for underinsured

19   motorist coverage with AAA Nevada Insurance Company ("AAA").  Defendant Western United

20   Insurance Company does business as AAA.  On or about August 1, 2006, plaintiff was involved

21   in an automobile accident in which another driver hit her.  Plaintiff sustained injuries as a result

22   of the accident and settled with the other driver's insurer for the amount of the policy limits.

23   Because this amount did not fully cover plaintiff's losses, plaintiff made an underinsured

24   motorist ("UIM") claim under her policy for the underinsured policy limit of $25,000.  (Doc. #

25   1-1).

26          On or about January 31, 2008, AAA denied plaintiff's claim.  On August 21, 2009,

27   plaintiff filed a complaint against AAA for breach of contract, violation of the Unfair Claims

28   Practices Act, and breach of the implied covenant of good faith and fair dealing (bad faith).

James C. Mahan
U.S. District Judge

1   Plaintiff later filed an amended complaint on October 21, 2009.  In November 2010, the court

2   granted summary judgment for AAA as to the Unfair Claims Practices Act and bad faith claims.

3   The court reasoned that plaintiff's bad faith claims were not yet ripe because the underlying

4   contractual dispute was unresolved.

5          AAA offered to settle plaintiff's claim for $1,501, which plaintiff rejected.  On March 23,

6   2011, the parties underwent a court-mandated arbitration.  The arbitrator determined that plaintiff

7   was entitled to the balance of the $25,000 policy limit.  AAA then appealed the arbitrator's

8   decision.  On September 10, 2012, AAA offered plaintiff a $10,001 settlement, which she again

9   rejected.  The case was set to begin trial in February 2013, and in January 2013, AAA agreed to

10  plaintiff's $25,000 offer of judgment.

11         On October 3, 2013, plaintiff brought the instant action in Nevada state court for

12  violations of the Unfair Claims Practices Act and breach of the implied covenant of good faith

13  and fair dealing (bad faith).  December 18, 2013, defendant removed the action to this court on

14  diversity grounds.  (Doc. # 1).  Almost one year later, on September 15, 2014, plaintiff filed the

15  instant motions to amend her complaint and to remand the case to state court.  (Docs. # 18, 20).

16  **II.    Legal Standard**

17         Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave

18  [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has

19  interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when

20  granting such leave.

21         In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any

22  apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

23  movant, repeated failure to cure deficiencies by amendments previously allowed, undue

24  prejudice to the opposing party by virtue of allowance of the amendment, futility of the

25  amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Id.* at 182.

26         A complaint filed in state court may be removed to federal court if the federal court

27  would have had original jurisdiction over the action had it been brought in federal court in the

28  first place.  28 U.S.C. § 1441(a).  A federal district court has original jurisdiction, pursuant to 28

**James C. Mahan**
**U.S. District Judge**

U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  However, a diversity case may only be removed if no defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441.

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." *Id.* § 1447(e).

The district court has discretion to deny or permit joinder that destroys diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  When ruling on a motion that would destroy diversity jurisdiction, courts may consider the following factors:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1650-JCM (PAL), 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D.Cal. 2002)).

Rule 19(a) provides that a party is necessary "(1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

## III.     Discussion

Plaintiff seeks leave to amend her complaint to name the adjusters, Kelli Twiddy and Kim Farrand, who handled her UIM claim.  Plaintiff also wishes to add a vicarious liability claim

**James C. Mahan**
**U.S. District Judge**

1    against defendant based on the adjusters' conduct.  (Doc. # 18).  Plaintiff then asks the court to

2    remand this case because the addition of the above-mentioned claim adjusters will destroy

3    diversity and divest the court of subject matter jurisdiction.  (Doc. # 18).

4              *A.  Leave to amend under Rule 15*

5              Defendant contends that plaintiff's motion to amend should be denied because

6    amendment would be futile.  (Doc. # 22).  Specifically, defendant argues that plaintiff's first two

7    amended claims cannot be brought against the adjusters and that the third proposed claim is also

8    legally insufficient.  Defendant also argues that plaintiff's request should be denied under Rule

9    15 because of undue delay.

10             Plaintiff's proposed amended complaint states claims against the adjusters for (1)

11   violations of the Unfair Claims Practices Act and (2) breach of the implied covenant of good

12   faith and fair dealing (bad faith).  (Doc. # 18-1).  It also asserts these claims against defendant

13   and adds a claim for vicarious liability/respondeat superior against the defendant based on the

14   adjusters' alleged wrongdoing.  (Doc. # 18-1).

15                  *i.     Unfair Claims Practices Act*

16             Nevada Revised Statute section 686A.310 specifies certain unfair practices by insurance

17   companies and provides a cause of action for an insured to enforce these provisions against an

18   insurer.  *See* NRS 686A.310; *Hart v. Prudential*, 848 F. Supp. 900, 903 (D. Nev. 1994).  Section

19   686A.310(2) provides that "an insurer is liable to its insured for any damages sustained by the

20   insured as a result of the commission of any act set forth in subsection 1 as an unfair practice."

21   NRS 686A.310(2).

22             NRS 684A.035 states that "[t]he provisions of . . . 686A.310 apply to adjusters and

23   associate adjusters."  NRS 684A.035(1).  However, NRS 684A.020 defines "adjuster" as "any

24   person who, for compensation as an independent contractor or for a fee or commission,

25   investigates and settles, and reports to his or her principal relative to, claims . . . ."  NRS

26   684.020(1).  NRS 684A.035(2)(d) provides that "[a] salaried employee of an insurer . . . is not

27   considered an adjuster."  NRS 684A.035(2)(d).

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   Defendant states that because the adjusters here are salaried employees, they cannot be

2   liable under the Unfair Claims Practices Act.   Defendant contends that plaintiff concedes this

3   point by stating in her motion to amend that "Kim Farrand and Kelli Twiddy were acting within

4   the course and scope of their employment during the handling of Plaintiff's UIM claim."

5   However, as plaintiff notes in her reply, defendant fails to provide actual proof that the

6   instant adjusters are salaried employees.   (Doc. # 24).   If the adjusters are employed on

7   commission, they may be held liable for unfair claims practices.   *See* NRS 684.020(1).

8   Accordingly, the evidence before the court is insufficient to find amendment futile for this cause

9   of action.

10                    *ii.       Covenant of good faith and fair dealing*

11   In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair

12   dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9,

13   9 (Nev. 1989).   This implied covenant requires that parties "act in a manner that is faithful to the

14   purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am.*

15   *Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

16   "When one party performs a contract in a manner that is unfaithful to the purpose of the

17   contract . . . damages may be awarded against the party who does not act in good faith." *Hilton*

18   *Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991).   A breach of the duty of good faith

19   and fair dealing can occur "[w]here the terms of a contract are literally complied with but one

20   party to the contract deliberately contravenes the intention and spirit of the contract." *Id.* at 922-

21   23.

22   To prevail on a theory of breach of the covenant of good faith and fair dealing, a plaintiff

23   must establish each of the following: (1) plaintiff and defendant were parties to a contract; (2)

24   defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing

25   in a manner that was unfaithful to the purpose of the contract; and, (4) plaintiff's justified

26   expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Plaintiff cannot successfully assert a claim for breach of the covenant of good faith

2    against the adjusters, because neither adjuster was a party to plaintiff's contract with Western

3    United.  (Docs. # 22-4, 22-5).  Accordingly, leave to amend on the grounds of this claim would

4    be inappropriate.

5                            *iii.      Vicarious liability and respondeat superior*

6    Finally, vicarious liability and respondeat superior are not separate causes of action.

7    Instead, they are theories that may be successfully asserted for purposes of liability.  As

8    defendant highlights, allowing plaintiff leave to amend to include these claims or theories would

9    be repetitive.  Plaintiff's current complaint already alleges that defendant, through its employees,

10   "failed to conduct a reasonable investigation before denying [p]laintiff's underinsured motorist

11   claim." (Doc. # 1-1).  Therefore, granting leave to amend plaintiff's complaint to include claims

12   under these theories would be inappropriate.

13   Nevertheless, based on the lack of evidence regarding the adjusters' employment status

14   for purposes of the Unfair Claims Practices Act, the court cannot find that leave to amend would

15   be entirely futile under Rule 15.

16                            *iv.      Undue delay*

17   Defendant also argues that plaintiff's motion to amend should be denied based on undue

18   delay.  (Doc. # 22).  Plaintiff contends that her motion is timely because the identity of the

19   adjusters was revealed to her only recently.  (Doc. # 18).

20   Plaintiff states that she first learned the identity of these adjusters through defendant's

21   initial disclosures produced on March 4, 2014.  (Doc. # 18-2).  In response, defendants point to

22   their initial state court disclosures from May 11, 2010, which included the claim file and

23   references to the instant adjusters' names.  (Doc. # 22-2).  Defendants also attach the letter

24   rejecting plaintiff's UIM claim, signed by Kelli Twiddy.  (Doc. # 22-6).

25   The evidence produced by defendants suggests that plaintiff had reason to know the

26   names of the claim adjusters well before she filed the instant motions.  Further, plaintiff gave no

27   indication in her initial complaint that she intended, but was unable, to name the adjusters who

28   handled her claim or any other employees.  Instead, plaintiff's entire claim focuses on allegations

James C. Mahan
U.S. District Judge

- 6 -

against defendant.  The adjusters would have no reason to know that plaintiff sought to sue them personally.  As a result, these defendants received insufficient notice of the claims and should not be joined.

Finally, plaintiff waited almost a year from the date of removal before filing the instant motions.  The court finds that this constitutes undue delay and consequently finds amendment improper.  *See Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (noting that a delay of six months after removal before filing a motion to amend was "too late").

Accordingly, the court finds that plaintiff's request to add the adjusters is untimely and that plaintiff's motion to amend should be denied on these grounds.

### B.   Remand under § 1447(e) factors

Even if the court found that leave to amend was warranted under Rule 15, it could deny plaintiff's motion based on the factors set forth in section 1447(e).  *See* 28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  In particular, the court should consider (1) whether the party is necessary under Rule 19(a), (2) the statute of limitations, (3) unexplained delay, (4) motive to defeat jurisdiction, (5) prejudice to plaintiff, and (6) the strength of the new claims.  *Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1650-JCM (PAL), 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D.Cal. 2002)).

The court finds that these factors weigh in favor of defendant and against amendment and remand.  The adjusters are not necessary parties pursuant to Rule 19(a), because they do not claim a legally protected interest in the action and complete relief is possible without them. *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).  Any meritorious claims that plaintiff wishes to assert may be brought against the current defendant.  Accordingly, the court does not find that plaintiff would be prejudiced by denial of the instant motions.

The court also finds that the statute of limitations would prevent the filing of a new action against the defendants in state court on plaintiff's only potentially viable claim.  Notably, bad faith actions are subject to a four-year statute of limitations.  *See* NRS 11.190(2)(c); *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1094-95 (2006) (noting that NRS

James C. Mahan
U.S. District Judge

- 7 -

11.190(2)(c) applies to a bad faith claim as "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing"). However, actions under the Unfair Claims Practices Act are brought pursuant to a statute and thus are governed by a three-year statute of limitations. *See* NRS 11.190(3); *Schumacher*, 467 F. Supp. 2d at 1095.

As the court noted above with regard to the futility, the only feasible claim plaintiff seeks to assert against the adjusters arises under the Unfair Claims Practices Act. As discussed, the viability of this claim is contingent on the adjusters' employment status. As plaintiff notes, "the earliest date her bad faith claims and claims under NRS 686A.310 could have commenced in March 23, 2011, when the arbitrator found AAA liable." (Doc. # 18). Plaintiff's bad faith claims became ripe, at the latest, upon this finding of legal entitlement. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993). Accordingly, plaintiff's proposed claim against the adjusters under the Unfair Claims Practices Act would be barred by the statute of limitations. This factor thus weighs in favor of denying amendment, as there is no threat of duplicative litigation. *See Lieberman v. Wal-Mart Stores, Inc.*, 2:12-cv-1650-JCM (PAL), 2013 WL 596098, at *3-4 (D. Nev. Feb. 15, 2013); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999).

The court also cannot find that plaintiff's proposed claim against the adjusters would relate back to the date of her original complaint. *See* Fed. R. Civ. P. 15(c)(1)(C). An amendment seeking to add a party only relates back if it is made within 120 days of the original complaint and the party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See id.*; Fed. R. Civ. P. 4(m).

Plaintiff's proposed amendment does not meet this standard. First, plaintiff filed the instant motions well past the relevant 120-day limit. Second, as stated above, plaintiff failed to put the proposed additional defendants on notice of her claims.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

Pursuant to the court's earlier analysis, delay also weighs against granting plaintiff leave to amend. Defendant's disclosures revealed the names of the relevant adjusters well before plaintiff filed the instant motions. While this does not conclusively prove any improper motive, courts have noted this possibility where "the validity of the claims against the new defendant were weak." *Lieberman*, 2013 WL 596098, at *4 (citing *Clinco*, 41 F. Supp. 2d at 1083).

Finally, while the court was unable to conclusively determine that plaintiff's proposed amended claims are all futile, the new claims do not present a compelling reason to allow amendment and remand. Plaintiff's existing complaint already states a cause of action against defendant under the Unfair Claims Practices Act. Plaintiff may attempt to argue that defendant is liable for any alleged claim mishandling within the context of these claims. *See Brown v. State Farm Fire & Cas. Co.*, No. 2:10-cv-01843-KJD-LRL, 2011 U.S. Dist. LEXIS 60641, at *10 (D. Nev. June 6, 2011) (noting that an insurance company "acts through its claim adjusters and managers and, that if there is any exposure arising out of the course/scope of employment of its employees, then [the insurer] would be responsible").

Therefore, pursuant to Rule 15 and in consideration of the factors set forth in section 1447(e), the court finds it appropriate to deny the instant motions to amend and remand.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend complaint, (doc. # 18), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to remand, (doc. # 20), be, and the same hereby is, DENIED.

DATED October 31, 2014.

_____
UNITED STATES DISTRICT JUDGE